## Galasso Construction Company v. Radnor Strafford Corporation

*Robert P. Garbarino,* for petitioner.

*Austin J. McGreal* and *Ronald N. Rutenberg,* for respondents.

SPAETH, J., January 17, 1967.—Petitioner, Galasso Construction Company, has filed a motion to confirm an arbitration award. Respondents, Radnor Strafford Corporation and Richard P. Vacca, have suggested by preliminary objection that the court lacks jurisdiction.

The preliminary objection says that on July 1, 1965, Vacca and his wife and Radnor filed a complaint in assumpsit against Galasso in the Court of Common Pleas in Montgomery County; that Galasso responded to the complaint by filing a petition with the court in Montgomery County asking that the complaint be referred to arbitration; and that on December 20, 1965, the petition was granted. The preliminary objection does not include a copy either of Radnor's and Vacca's complaint against Galasso, or of Galasso's petition that the complaint be referred to arbitration, or of the order and opinion (if there was an opinion) of the court in Montgomery County. It is, therefore, not apparent from the preliminary objection that the proceedings in Montgomery County have any relevance to the proceedings here. The preliminary objection might, therefore, be dismissed as meaningless. This would probably only prolong this litigation, however, and the court will not do it. If the facts alleged in Galasso's motion to confirm the arbitration award are examined closely, the issue becomes clear enough for decision now. It is appropriate to examine the facts alleged in the motion, for so far as well pleaded, they are admitted by the preliminary objection to be true. They are as follows:

On March 17, 1964, Radnor and Galasso executed a written agreement that Galasso as subcontractor would do certain work for Radnor as general contractor on a motel in Montgomery County. Vacca owned the motel and joined in the agreement. Article 40 of the agreement provided that "All disputes, claims or questions subject to arbitration under this contract

shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects. . . ."

Sometime during the job, Radnor and Galasso disagreed about a claim by Galasso for extra work. Because of this disagreement, Galasso, on July 21, 1965, filed a demand for arbitration with the American Arbitration Association in Philadelphia, and on October 22, 1965, three arbitrators were selected. On January 21, 1966, Radnor and Vacca agreed that the three arbitrators should hear the dispute in Philadelphia. On May 23, 1966, the arbitrators heard the dispute, and on July 26, they filed an award in favor of Galasso for $3,686. This is the award that Galasso asks the court to confirm.

In the motion to confirm, Galasso says that when it made its claim for extra work, Radnor and Vacca "in turn contended that [Galasso] caused a delay in performance resulting in extra costs to them". The motion to confirm also says that when Radnor and Vacca agreed to arbitration in Philadelphia, they agreed to "arbitration of the claims". This apparently means arbitration both of Galasso's claim for extra work and of Radnor's and Vacca's claim for damages for delay; and it may be that Radnor's and Vacca's complaint in assumpsit against Galasso, which was filed in Montgomery County and referred by the court there to arbitration, as mentioned above, concerned Radnor's and Vacca's claim for damages for delay. However, assuming that this is so, the three arbitrators who decided Galasso's claim for extra work said in paragraph 2 of their award that "Consideration of the counterclaims of RADNOR STRAFFORD COMPANY AND RICHARD VACCA has not been viewed, and is not reflected in this Award". The reason for this statement must have been that Radnor and Vacca did not

present their claim for damages for delay to the arbitrators, for in paragraph 4 of their award, the arbitrators say: "This Award is in full settlement of all claims submitted to this Arbitration by either party against the other".

It is on these facts that Radnor and Vacca argue that this court lacks jurisdiction. They rely upon sections 9 and 18 of the Act of April 25, 1927, P. L. 381, 5 PS §§169 and 178. Section 9 provides that:

"At any time within one year after the award is made any party to the arbitration may apply to the court having jurisdiction for an order confirming the award, . . ."

Section 18 defines "court having jurisdiction" as follows:

"Except as otherwise specifically indicated, all references in this act to the courts are to be construed to mean the common pleas courts of the county having jurisdiction of the parties or the subject matter. If prior to the award, any court of common pleas shall have entertained any motion in respect to said arbitration, such court shall retain jurisdiction, and all subsequent proceedings shall be filed in said court".

Radnor and Vacca contend that these sections confer exclusive jurisdiction in the Court of Common Pleas of Montgomery County.

The court in Montgomery County did indeed entertain a motion with respect to Radnor's and Vacca's claim against Galasso, the motion being Galasso's petition asking that Radnor's and Vacca's complaint in assumpsit, filed in Montgomery County, be referred to arbitration. With respect to that claim, therefore, the court in Montgomery County "shall retain jurisdiction". But that claim is not before this court. The only claim before this court is Galasso's claim against Radnor and Vacca. With respect to it, the court in Montgomery County has never entertained any mo-

tion and has never acquired any jurisdiction to retain. Galasso was, therefore, not obliged to apply to the court in Montgomery County for an order confirming the arbitrators' award, but could apply to any court of common pleas "having jurisdiction of the parties or the subject matter". Accordingly, Radnor's and Vacca's argument that the court in Montgomery County had exclusive jurisdiction is without merit.

This conclusion, however, does not answer a question not raised by the parties, but by this court. Since the arbitrators' award is under $5,000, does this court or the county court have jurisdiction to confirm it?

Philadelphia has had a county (or municipal) court since 1913: Act of July 12, 1913, P. L. 711, 17 PS §681 et seq. The name was changed from municipal to county court by the Act of July 17, 1961, P. L. 781, sec. 1, 17 PS §705. The Arbitration Act, supra, was enacted in 1927. Sections 9 and 18 of the Arbitration Act, quoted above, provide that jurisdiction to confirm an award shall be in "the common pleas courts of the county having jurisdiction. . . ." There is no provision conferring jurisdiction on the county (or municipal) court. Accordingly, this court does have jurisdiction to confirm the award.

Galasso's motion to confirm the arbitrators' award cannot, however, be granted now. When the motion was filed, a rule was requested and allowed against Radnor and Vacca to show cause why an order confirming and entering judgment on the award should not be entered. The rule provided that "All proceedings [were] to stay meanwhile, other than payment of the award by [Radnor and Vacca]".

Sections 10 and 11 of the Arbitration Act, 5 PS §§170 and 171, permit a motion to vacate, modify, or correct an award to be filed for certain reasons. Section 13, 5 PS §173, requires that such a motion be filed within three months after the award is filed. The

award here was filed on July 26, 1966, and the rule that stayed all proceedings was signed on July 29. If the stay of proceedings were now dissolved, therefore, Radnor and Vacca would still have almost the entire three month period to file motions to vacate, modify, or correct, if they have any reason to file such motions (as to which this court has no knowledge and expresses no view).

Accordingly, the court enters the following:

### ORDER

And now, January 17, 1967, the preliminary objection raising questions of jurisdiction is dismissed. Respondents, Radnor Strafford Corporation and Richard P. Vacca, shall, within 15 days, file an answer to the motion to confirm the award of the arbitrators. The stay of proceedings allowed on the rule to show cause why the motion to confirm should not be allowed is dissolved to the extent that if respondents can file any motions to vacate, modify, or correct the award, they must do so in accordance with the opinion accompanying this order.